IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS ALBANESE, | Civil No. 3:21-cv-576 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN SCOTT FINLEY, | |
| Respondent | |

## MEMORANDUM

Petitioner Nicholas Albanese ("Albanese") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his judgment and sentence entered in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will dismiss the petition.

### I.  Background

On July 31, 1997, Albanese and ten codefendants were charged in a superseding indictment with racketeering conspiracy, drug conspiracy, and related racketeering and drug offenses. *See United States v. Albanese*, No. 2:97-CR-359 (E.D. Pa.), Doc. 8. On March 19, 1998, following a jury trial, Albanese was convicted of racketeering (count one), conspiracy to distribute and possession with intent to distribute controlled substances (count two), distribution of cocaine, distribution of marijuana, distribution of methamphetamine (counts three, four, and five), witness tampering (count eight), violent crime/conspiracy to commit murder in aid of racketeering (counts nine and ten), and carrying a firearm in

connection with a drug trafficking crime (count eleven). (*Id.*; *see also* Doc. 1, pp. 80-82, *Albanese*, No. 2:97-CR-359, Verdict Slip). On June 1, 1998, Albanese was sentenced to life imprisonment on counts one and two; 40 years' imprisonment on count five; 20 years' imprisonment on counts three and four; and ten years' imprisonment on counts nine and ten, all terms to run concurrently with one another, and to the sentence Albanese was serving in state custody; and to a consecutive term of five years' imprisonment on count eleven, followed by a five-year term of supervised release. (Doc. 1, pp. 64-66, *Albanese*, No. 2:97-CR-359, Judgment in a Criminal Case). The sentencing court did not impose a sentence for the witness tampering conviction, count eight. (*Id.*). Albanese filed a notice of appeal with the Third Circuit Court of Appeals. On June 14, 2000, the Third Circuit affirmed Albanese's conviction and sentence. *United States v. Albanese*, No. 98-1471 (3d Cir.)

On June 19, 2014, Albanese filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Albanese*, No. 2:97-CR-359, Doc. 569. He presented a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), and a claim for ineffective assistance of trial counsel. *Id.* On July 10, 2014, the sentencing court dismissed the § 2255 motion as untimely and rejected Albanese's claim for equitable tolling. *Id.*, Doc. 573. The Third Circuit subsequently denied a certificate of appealability. *Id.*, Doc. 586.

On August 14, 2017, Albanese filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Unites States District Court for the Middle District of Florida. *See*

*Albanese v. Warden, FCC Coleman—USP II*, No. 5:17-CV-375 (M.D. Fl. Aug. 14, 2017), (Docs. 1, 2). That petition is identical to the instant petition. *See id.* On August 23, 2017, the Middle District of Florida summarily dismissed the petition for lack of jurisdiction. *Id.*, Doc. 3.

Albanese thereafter filed an application for leave to file a second or successive 28 U.S.C. § 2255 motion. On July 20, 2018, the Third Circuit Court of Appeals denied Albanese's application for leave to file a second or successive § 2255 motion. *Albanese*, No. 2:97-CR-359, Doc. 587; *In re: Nicholas Albanese*, No. 18-1878 (3d Cir.).

On January 20, 2021, Albanese filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) with the sentencing court. *Albanese*, No. 2:97-CR-359, Doc. 593. On June 11, 2021, the Eastern District of Pennsylvania denied the motion for compassionate release and found that there were no extraordinary and compelling reasons to warrant release, the § 3553(a) factors did not support a reduced sentence, and that Albanese presented a danger to the community. *Id.*, Docs. 617, 618.

Albanese filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his federal conviction in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). He sets forth the following grounds for relief: (1) the sentences for counts one, two, and five exceed the statutory maximum sentence of twenty years pursuant to *Apprendi* because the drug quantities associated with those offenses were not submitted to the jury, (Doc. 1, pp. 6-7, 16-32); (2) the government failed

3

to establish a required element of witness tampering under 18 U.S.C. § 1512(a)(1)(c) by proving the victim of his witness tampering would make relevant communication to federal authorities as set forth in *Fowler v. United States*, 563 U.S. 668 (2011) (Doc. 1, pp. 7, 32-34); (3) his firearms conviction under 18 U.S.C. § 924(c) is invalid because the jury instructions constructively amended the indictment and impermissibly broadened the basis for conviction, (Doc. 1, pp. 7, 35-38.); and (4) trial counsel was ineffective for failing to object to the jury instruction for the 18 U.S.C. § 924(c) offense and failing to properly counsel him during plea negotiations, (Doc. 1 pp. 8, 38-1). For relief, Albanese requests, *inter alia*, that the Court reduce his sentence and/or vacate his convictions. (*Id.* at p. 8).

Respondent seeks to dismiss the petition on two grounds. (Doc. 10). First, the petition is barred by the abuse of writ doctrine. (*Id.* at pp. 5-7). Second, the Court lacks jurisdiction over the petition because Albanese cannot show that § 2255 is inadequate or ineffective to address his claims. (*Id.* at pp. 7-13). The Court will address each argument in turn.

## II. Discussion

### A. Abuse of Writ Doctrine

Respondent argues that the habeas petition should be dismissed because it is a successive petition barred by the abuse of writ doctrine. (Doc. 10, pp. 5-7). When a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine, as set forth in 28 U.S.C. § 2244(a), may bar his claims:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

The abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition. *See McCleskey v. Zant*, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."). The government bears the burden of pleading abuse of the writ. *See id.* at 494-95; *Zayas v. I.N.S.*, 311 F.3d 247, 254 (3d Cir. 2002). The burden then shifts to the petitioner to disprove abuse by showing cause and prejudice. *See McClesky*, 499 U.S. at 494.

Albanese previously raised the issues in the instant habeas petition in an identical habeas petition filed in the United States District Court for the Middle District of Florida. *Albanese*, No. 5:17-CV-375, Docs. 1, 2. On April 23, 2017, the Middle District of Florida dismissed the petition for lack of jurisdiction, finding no basis for application of § 2255's safety valve. *Id.*, Doc. 3. Because this previous habeas petition was not adjudicated on the merits, the instant petition is not a second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473 (2000) (a federal habeas corpus petition filed after an initial petition is

5

dismissed without adjudication on the merits is not a second or successive petition subject to dismissal for abuse of writ); *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim.").

Albanese also filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with the sentencing court, setting forth, *inter alia*, an *Apprendi* claim. *Albanese*, No. 2:97-CR-359, Doc. 569. The sentencing court dismissed the § 2255 motion as untimely and rejected Albanese's claim for equitable tolling. *Id.*, Doc. 573. The dismissal of that petition as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) (holding that a previously filed habeas petition that is dismissed as untimely counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), rendering any later filed petition second or successive). Albanese could have asserted his instant grounds for relief in his § 2255 motion and, he did raise his *Apprendi* claim in the previous § 2255 petition. Thus, the instant petition can be dismissed as an abuse of the writ. Regardless, the Court finds, as did the District Court for the Middle District of Florida, that Albanese's present § 2241 habeas petition should be dismissed for lack of jurisdiction.

### B.     Lack of Jurisdiction

Respondent next argues that the habeas petition should be dismissed for lack of jurisdiction. (Doc. 10, pp. 7-13). Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their

6

collateral challenges pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(e).  The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).  Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective."  *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); 28 U.S.C. § 2255(e)).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*).  Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Id.* at 539.  "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative."  *Id.* at 538.

    In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Albanese's claims fall within the purview of § 2255 because they challenge the validity of his conviction. He has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. § 2255. Thus, he can only bring a challenge under § 2241 if it appears that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Albanese has failed to meet this burden.

First, the Third Circuit has repeatedly and uniformly held that habeas claims based on *Apprendi* do not present the "rare" cases in which a § 2255 motion is inadequate or ineffective because *Apprendi* did not decriminalize any conduct but dealt only with sentencing procedure. *See, e.g.*, *Okereke*, 307 F.3d at 120-21 (holding that *Apprendi* did not render previously criminal conduct noncriminal and that § 2255 "was not inadequate or ineffective for [petitioner] to raise his *Apprendi* argument"); *Rice v. Dodrill*, 145 F. App'x 729 (3d Cir. 2005) (finding that petitioner cannot raise an *Apprendi* challenge in a § 2241 proceeding). Therefore, the Court will dismiss Albanese's *Apprendi* claim for lack of jurisdiction.

Second, Albanese argues that the United States Supreme Court's decision in *Fowler* constituted an intervening change in law that invalidated his conviction for witness

tampering.[1] Albanese failed to raise a *Fowler* claim in a timely § 2255 motion. As stated *supra*, the Third Circuit affirmed Albanese's conviction and sentence on June 14, 2000. He did not seek further review. Therefore, his conviction became final on September 12, 2000, when the time to petition for certiorari expired, and his one-year period to seek relief under 28 U.S.C. § 2255 expired on September 12, 2001. Albanese did not file his § 2255 motion until June 15, 2014, more than twelve years late. The Supreme Court issued the *Fowler* decision on May 26, 2011. Thus, the *Fowler* decision was already issued at the time Albanese filed his § 2255 motion on June 15, 2014.

28 U.S.C. § 2255 contains an alternate commencement date for the one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). "Unlike new rules permitting successive § 2255 motions, new 'rights' triggering § 2255(f)(3) need not be constitutional." *Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 703 (3d Cir. 2018).[2] Under 28 U.S.C. § 2255(f)(3), Albanese could have sought relief under *Fowler*

---

[1] In *Fowler*, the Supreme Court settled an issue of statutory application in murder cases under the federal witness tampering statute. 18 U.S.C. § 1512(a)(1)(C); *Fowler v. United States*, 563 U.S. 668, 671-75 (2011). The Supreme Court held that murder committed with the intent to prevent communication to a federal law enforcement officer under 18 U.S.C. § 1512(a)(1)(C) requires a showing of a "reasonable likelihood" that the victim would have communicated with a federal officer about the event had he survived. *Fowler*, 563 U.S. at 677.

[2] In *Boatwright*, the Third Circuit found *Dorsainvil* inapplicable to an inmate who had failed to file a timely initial § 2255 motion. *Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 704 (3d Cir. 2018).

if he had filed his § 2255 motion with the sentencing court before May 26, 2012. Albanese's failure to timely pursue his *Fowler* claim in a § 2255 motion bars him from bringing such a claim in a § 2241 petition. *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (noting that § 2255 "provides a safety valve for actual innocence, but without short-circuiting § 2255's gatekeeping requirements"). Thus, Albanese may not challenge his conviction based on *Fowler* through a § 2241 petition.

Finally, with respect to Albanese's claim that the jury instruction impermissibly broadened the basis for his § 924(c) conviction, and his claim of ineffective assistance of counsel, these claims were previously available to him and could have been pursued in a properly filed § 2255 motion. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Because Albanese failed to meet his burden of demonstrating that § 2255 is inadequate or ineffective with respect to these claims, the § 2241 petition is subject to dismissal.

## III.  Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Date: October 18, 2021